

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. Richard Voges
County Attorney
Wilson County
Floresville, Texas

Dear Sir:

Opinion No. O-3656
Re: Is it the duty of the county
attorney to represent the county
in civil cases filed against it?

Is it the duty of the county
attorney to file a suit upon
instructions of the commissioners'
court to remove a tenant from the
county poor farm? May a reasonable
charge be made for this service?

Your letter of June 9, 1941, requesting the opinion
of this Department upon the above stated questions has been
received.

Your letter reads in part as follows:

"In my particular case, be advised that I repre-
sented the county in a civil suit assisted by two addi-
tional counsel and that the services were actually per-
formed.

"Also please advise me whether or not it is the
duty of the County Attorney to file a suit upon instruc-
tions of the Commissioners' Court to remove a tenant off
the County Poor Farm and whether or not a reasonable
charge may be made for this service."

Honorable D. Richard Voges, page 2

In the case of Brady v. Brooks, 89 S. W. 1052, the Supreme Court stated that:

"The principal purpose of the Constitution in creating the offices of District Attorney and County Attorney was to make as the main function of these officers, the prosecution of criminal cases."

However, the Legislature has from time to time conferred additional duties upon these officers, as further evidence that the duties and rights of the County Attorney prescribed by the Constitution were not restricted, we refer to subsequent acts of the Legislature conferring additional duties upon these officers, such as Article 6715, Vernon's Annotated Civil Statutes, which provides that the County Attorney shall represent the County in certain suits for damages.  Also, Article 339, Vernon's Annotated Civil Statutes, which requires the District or County Attorney to institute such proceedings as are necessary to compel the performance of certain duties by certain officers and to preserve and protect the public interest as set forth in said statute.

Clearly, it is not the intention of the Legislature to make it the right of the County Attorney to represent the County in all suits or actions.

Article 334, Vernon's Annotated Civil Statutes, provides that District and County Attorneys shall advise and give opinions to the various county and precinct officers, but this does not mean that the Commissioners' Court is required to employ the County Attorney in all civil suits, nor does it mean that the County Attorney has the right to represent the County in all such suits.

In the case of Looscon v. Harris County, 58 Tex.511, the Supreme Court held that the Commissioners' Court of the County had the exclusive right to determine whether a suit should be brought in the name and for the benefit of the county, except in the case where a concurrent or exclusive right is conferred on some other official or tribunal by the Legislature to exercise in some specified case a like discretion.

Honorable D. Richard Voges, page 3

The Commissioners' Court has the authority to employ counsel to the exclusion of the County Attorney to institute suits in behalf of the County, except actions against office holders, as provided by Article 339, Vernon's Annotated Civil Statutes. This was held heretofore by this Department in Conference Opinion No. 2673. This opinion held that the Commissioners' Court has the authority to employ counsel to the exclusion of the County Attorney to bring suits against the Banking Commission for the recovery of County funds under the Guaranty Bank Fund Law on account of the bank (county depository) failure, and the County Attorney is not entitled to any commission on collections made as a result of said suit, except as may be provided by contract between the County Attorney and the Commissioners' Court.

The case of City National Bank v. Presidio County, 86 S. W. 777, holds that it is not the legal duty of the County Attorney to represent the County in suits affecting its interest. The case of Jones v. Veltman, 171 S. W. 291, holds that Commissioners' Courts have the authority to employ County Attorneys to represent the County in pending suits.

You do not state in your letter whether or not the case in which you represented the County, assisted by two additional counsel, was a case as mentioned in Article 6716, supra, or whether it was a case which some other statute provided that the County Attorney should represent the County. In the absence of a statement to the contrary, we assume that the above mentioned case in which you represented the County was one which the County Attorney was not required by law to represent the County in. This being true, you are respectfully advised that it is our opinion that the Commissioners' Court can legally contract with the County Attorney and pay him a reasonable compensation for services rendered in all civil cases where the duty is not imposed upon the County Attorney by statute to represent the County. It is our further opinion that it is not the duty of the County Attorney to represent the County in any civil case unless expressly made so by statute. If the above mentioned services were performed in the absence of a contract between the County Attorney and Commissioners' Court, but upon the request of said Court, the County Attorney is entitled to a reasonable compensation on a quantum meruit basis.

Honorable D. Richard Voges, page 4

With reference to your second and third questions, you are advised that after a careful search of the statutes, we fail to find any statute imposing the duty upon the County Attorney to file a suit upon the instruction of the Commissioners' Court to remove a tenant from the County Poor Farm. Therefore, it is not the duty of the County Attorney to file such suit. However, the Commissioners' Court may contract with the County Attorney to perform such services and legally pay a reasonable compensation for the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:AMM

APPROVED JUN 15, 1941

*Glenn R. Lewis*

~~FIRST~~ ASSISTANT
*acting* ATTORNEY GENERAL

